UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
JAN 26 2015
PER [signature]
DEPUTY CLERK

| | | |
|---|---|---|
| SCOTT NJOS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-12-1375 |
| | : | |
| CARNEY, et al., | : | (Judge Kosik) |
| | : | |
| Defendants | : | |

**MEMORANDUM**

This Bivens[1] action was filed by Plaintiff, Scott Njos, an inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania.[2] The matter proceeds against three chaplains at the prison, Defendants Carney, Onuh, and Davis. Njos claims that Defendants have placed a substantial burden on the exercise of his religious beliefs by denying him access to kosher meals and by providing him with inadequate amounts of Sabbath juice and matzo, in violation of the First Amendment to the United States Constitution and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1. Pending on the docket are numerous motions that the court will address herein.

## I. Background

Njos commenced this action on July 17, 2012. On November 8, 2012, a Report and Recommendation issued by the Magistrate Judge was adopted, wherein Plaintiff's claim for monetary damages against Defendants in their official capacities was dismissed, and the complaint

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] This action was initially referred to Magistrate Judge Karoline Mehalchick for handling of pretrial proceedings, but has since been administratively reassigned and is now proceeding exclusively before the undersigned District Judge.

was dismissed with prejudice against Supervisory Defendants Bledsoe, Norwood, and Kane. In addition, Plaintiff's request for a specific sum of damages was stricken, and his request for declaratory relief as to past conduct was dismissed. It was directed that the action proceed only with respect to Chaplains Carney, Onuh and Davis with respect to the exercise of religion claims under the First Amendment and under the RFRA. (Doc. 11.) Service of the complaint was thereafter directed on the remaining three Defendants. (Doc. 12.)

Defendants filed a motion to dismiss and for summary judgment on March 19, 2013. (Doc. 21.) On March 11, 2014, the court adopted a Report issued by the Magistrate Judge on February 19, 2014, recommending that Defendants' motion be addressed as one for summary judgment, and denied without prejudice to the filing of a subsequent motion after a period of discovery. (Doc. 36.) Due to the lack of evidence in the record and the existence of disputed material facts, the court found they were not entitled to summary judgment at this time on either the First Amendment or the RFRA claim. Following the filing of an answer to the complaint, a scheduling order was issued directing the completion of discovery by May 22, 2014, and the filing of dispositive motions by June 12, 2014. (Doc. 40.)

On April 22, 2014, a motion for summary judgment and supporting documents filed by Plaintiff was denied without prejudice as prematurely filed prior to the expiration of the discovery deadline. (Doc. 48.) On May 13, 2014, Plaintiff filed a motion for the appointment of counsel that is presently pending at this time. (Doc. 51.) Also pending are Plaintiff's motion for leave to re-file his motion for summary judgment and supporting pleadings (Doc. 58), and motion seeking default against Defendants for failing to respond to his summary judgment motion. (Doc. 62.)

On July 3, 2014, Defendants filed their second motion to dismiss and for summary judgment and documents in support thereof. (Docs. 68-70.) They also submitted opposition to Plaintiff's

motion for default. Plaintiff has filed opposition to Defendants' motion to dismiss and for summary judgment.

On July 18, 2014, Plaintiff filed a motion seeking a temporary restraining order/preliminary injunction. (Doc. 77.) Defendants have filed opposition to this motion. (Doc. 82.) On July 21, 2014, Plaintiff submitted a document entitled "Amendment." (Doc. 79.) The court construed this document to be an attempt by Plaintiff to file an amended complaint in this action. He was advised that pursuant to Fed. R. Civ. P. 15, he would either need to seek leave from the court or consent from the Defendants in order to do so. (Docs. 81, 84.) Thereafter, Plaintiff filed a motion seeking leave to file an "amended add-on" to the complaint. (Docs. 85, 86.) The court will now address these pending motions.

## II. Discussion

### A. Motion for Counsel

Plaintiff seeks counsel because he is unable to afford an attorney, he is limited by his imprisonment with respect to his ability to litigate this action, he lacks litigation experience, the case involves complex issues, an experienced attorney is needed for trial, and he suffers from mental disabilities that impair his ability to function. (Doc. 51.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from

his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of this motion the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;
2. The difficulty of the particular legal issues;
3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. The plaintiff's capacity to retain counsel on his or her own behalf;
5. The extent to which a case is likely to turn on credibility determinations; and
6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

In considering Plaintiff's motion and brief in support thereof, the court finds that Plaintiff fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted by Plaintiff in this case so far are clearly written and detail the claims he desires to pursue. The legal issues presented are not overly complicated. Plaintiff is clearly literate and, while it is true that he is incarcerated, he appears able to litigate this action on his own. He has both filed and opposed numerous motions in this action so far, and was partially successful in opposing Defendants' motion to dismiss and for summary judgment. To the extent that he claims that he is an inexperienced litigator, the docket in this court reveals that

he has a number of cases that he is pursuing at this time.[3] Further, any concern with respect to a trial in this matter is premature at this juncture. It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own.

To the extent Plaintiff claims his mental infirmities warrant the appointment of counsel in this matter, his argument is unconvincing. As previously stated, Plaintiff's ability to represent himself in this action is evidenced by his filings in this action. They are clearly written, supported, and persuasive. There is no question Plaintiff possesses the intelligence to present and litigate his claims in this court. To the extent he attempts to rely on his mental disabilities in seeking the appointment of counsel, the court finds that any deficiencies which he has do not prevent him from representing himself at this juncture of the proceedings. While he attaches a psychological evaluation to his motion as support for his request for counsel, the court notes that the report is almost six (6) years old. (Doc. 52 at 7-19.) While the report documents various issues concerning Plaintiff's emotional and social stability, including depression, anxiousness and agitation, it notes no indication of severe psychopathology. More importantly, the report revealed that Plaintiff functioned ". . . well within the average range of intelligence, with some suggestion that cognitive ability may even be somewhat above average." (Id. at 17.)

This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. As such, his pending motion for counsel will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

---

[3] Njos v. Argueta, et al., Civil Action No. 12-cv-1038 (filed June 1, 2012); Njos v. Bureau of Prisons, Civil Action No. 12-cv-1251 (filed June 29, 2012); Njos v. Kane, et al., Civil Action No. 12-cv-1252 (filed June 27, 2012); Njos v. United States of America, et al., Civil Action No. 14-cv-1960 (filed Oct. 9, 2014).

B. Motion to refile summary judgment motion/Motion for default judgment

Defendants' motion for summary judgment was denied without prejudice to file a subsequent motion following the imposition of a period of discovery in this action. Pursuant to a scheduling order issued on April 7, 2014, all discovery was to be completed on or about May 22, 2014, with any further dispositive motions submitted by the parties by June 12, 2014. A motion for summary judgment and supporting documents submitted by Plaintiff on April 8, 2014, was denied as premature without prejudice to refile the motion after discovery was closed.

Pending is Plaintiff's motion filed by Plaintiff to refile his motion for summary judgment and supporting documents. (Doc. 58.) Because this motion was filed on June 2, 2014, following the close of discovery, it will be granted and Plaintiff will be directed to refile his motion for summary judgment or submit a new dispositive motion if he so desires. The court is without the ability to merely "refile" his prior submissions in that they were previously ordered stricken from the record.

Also pending is Plaintiff's motion seeking default against Defendants for failure to oppose his motion for summary judgment. This motion will be denied in that Plaintiff's motion has never been refiled with the court as of this date. Defendants cannot be in default for failing to respond to a motion which does not appear on the docket.

With this said, currently pending is Defendants' second motion for summary judgment filed after the close of discovery. The court notes that Plaintiff has filed opposition to this motion. Nevertheless, since he has requested leave to refile his own dispositive motion, he will be afforded the opportunity to do so within twenty (20) days. For ease of case management, the consideration of Defendants' motion will be stayed and held in abeyance pending the filing and briefing of any cross motion filed by Plaintiff.

C. Motion to amend complaint

Plaintiff seeks leave to file an amendment to his original complaint filed on July 17, 2012. (Doc. 1.) Specifically, almost two (2) years later, he seeks to add language to paragraphs 28 and 29 of the original complaint with respect to his allegations concerning Defendants' failure to provide him with adequate amounts of juice and matzos for his religious observances. Without unnecessary elaboration, the motion will be denied for the following reasons. First, any such amendment is clearly not "as of right" pursuant to Fed. R. Civ. P. 15, as Plaintiff argues. The complaint in this action was filed in July of 2012. Defendants thereafter filed their first motion to dismiss and for summary judgment on March 19, 2013. Pursuant to Fed. R. Civ. P. 15(a)(1), any amendment as a matter of course would be required to be filed 21 days after service of Defendants' motion.

To the extent Plaintiff requests leave to amend his complaint, his request will be denied. Although Rule 15 provides that leave is to be freely given when justice so requires, such circumstances do not exist in this case. There is no reason why the information set forth in the amendments could not have been pled in the original complaint. Further, to assert additional facts at this late stage of the proceedings would be prejudicial to Defendants, who currently have their second dispositive motion pending.

D. Motion for Injunctive Relief

Plaintiff filed a motion for injunctive relief on July 18, 2014. (Doc. 77.) In the motion, he states that he was removed from kosher foods on December 6, 2010, and was placed back on them in September of 2013. However, on July 7, 2014, he was again removed from kosher foods and claims he has not been offered nutritionally adequate food since that time. According to Plaintiff, the basis of his removal in July of 2014 was because Officer D. Sullivan witnessed Plaintiff giving his kosher food to his cellmate. In response, Sullivan informed Plaintiff that he was going to have him taken off common fare. Since his removal from the common fare diet, Plaintiff claims that he has only

eaten what foods are offered on the mainline portion of the religious diet which consists of packaged food marked kosher, or food that is kosher by nature. Plaintiff is challenging his removal from the common fare diet by way of administrative remedy. Plaintiff claims that he is only eating milk, bananas, apples, oranges and chips, which will result in his malnutrition. As relief, he requests that the BOP be enjoined from removing him from kosher foods while he pursues his administrative remedies, and that video footage for D-Block 3rd floor be preserved from July 7th forward at all meal times.

An injunction is an "extraordinary remedy" that is never awarded as of right. Winter v. Natural Resources Defense Council, ___ U.S. ___, 129 S.Ct. 365, 375, 172 L.Ed.2d 249 (2008). The Third Circuit has outlined four requirements that a court ruling on a motion for a preliminary injunction must consider: (1) whether there is a reasonable probability of success on the merits; (2) whether irreparable injury will result without injunctive relief; (3) whether granting the injunction will result in even greater harm to the nonmovant; and (4) whether granting the injunction is in the public interest. Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006); Crissman v. Dover Downs Entertainment Inc., 239 F.3d 357, 364 (3d Cir. 2001). The movant bears the burden of establishing these elements. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Chamberlain, 145 F. Supp.2d 621, 625 (M.D. Pa. 2001). While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. See Stilp v. Contino, No. 1:09-cv-0524, 2009 WL 1842087 at *4 (M.D. Pa. June 29, 2009) citing Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002).

To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action. See Punnett v. Carter, 621 F.2d 578, 582-83 (3d Cir. 1980); McCahon v. Pa. Tpk. Comm'n, 491 F.Supp.2d 522,

527 (M.D. Pa. 2007). In determining whether success is likely, the court must look to the legal principles controlling the claim and the potential defenses available to the opposing party. See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 264 (3d Cir. 2000).

In the instant case, Plaintiff is unable to demonstrate that he is likely to succeed on the merits. First, he admittedly has not exhausted his available administrative remedies. He received notice of his removal from the religious diet program on July 5, 2014, and authored the instant motion for injunctive relief nine (9) days later. In addition, Defendants have submitted declarations supporting Plaintiff's antics with respect to manipulating the religious diet program, and supporting the basis for his removal from the religious diet program. (Doc. 82, Exs. 1-3.) He also fails to establish irreparable injury. Plaintiff is provided with nutritionally adequate food three times per day and states that he continues to practice his religion. Moreover, he was medically evaluated on July 23, 2014, two weeks after his religious meal plan was stopped, and he was 254 pounds and had gained 10 pounds since his last chronic care visit in May of 2014. In fact, he had gained close to 24 pounds in the six months prior. His vital signs were all within normal range, with the exception of slightly high blood pressure, and no health concerns were found other than his chronic conditions of asthma and hepatitis C. (Id., Ex. 4.) For all of these reasons, Plaintiff's motion for injunctive relief will be denied. An appropriate order follows.