# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT NJOS, | : | CIVIL NO. 3:12-CV-1375 |
| Plaintiff, | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| CARNEY, et al., | : | |
| Defendant. | : | |

## MEMORANDUM ORDER[1]

### I. Statement of Facts and of the Case

Scott Njos is a federal inmate housed at the United States Penitentiary, Lewisburg, where he is currently serving an 188-month sentence following his conviction on bank robbery, Hobbs Act robbery, escape, and assault on a federal officer charges. While in federal custody, Njos has amassed an extensive disciplinary history, having been cited on dozens of occasions with prison rules infractions, many of which involved violent or disruptive behavior by Njos in an institutional setting. This history of recidivism and on-going institutional misconduct led to the

---

[1]The parties are advised that, pursuant to 28 U.S.C. § 636, the district court has orally referred the above-captioned case to the undersigned for pre-trial management, resolution of non-dispositive motions, and preparation of reports and recommendations on potentially dispositive matters.

reassignment of Njos to the Special Management Unit of the United States Penitentiary, Lewisburg, where the plaintiff currently resides.

Njos is also a prolific litigator in federal court.[2] Much of this litigation involves Njos' recurring complaints regarding the conditions of his confinement at the Lewisburg Penitentiary. The instant case is but one example of this growing body of litigation brought by Njos. This action proceeds against three prison chaplains, who Njos claims have placed a substantial burden upon the plaintiff in the exercise of his faith by denying some of his religious diet requests.

Having framed his claim in this lawsuit in this fashion, Njos filed motions urging the Court to take judicial notice of various, apparently disputed, facts in this litigation. (Docs. 90,and 98.) These motions were, in essence, motions *in limine*, which sought evidentiary rulings in advance of any trial. Having considered these motions, on September 2, 2015, we denied these motions without prejudice to renewal of these evidentiary issues when, and if, this case proceeds to trial. (Doc. 100.)

Njos has now filed a motion to reconsider this decision, which simply advised Njos that his request for pre-trial evidentiary rulings would be denied, but informed

---

[2] See e.g., Njos v. Bledsoe, 3:12-CV-243; Njos v. Bledsoe, 3:12-CV-476; Njos v. Thomas, 3:13-CV-2721; Njos v. Thomas, 3:13-CV-2816; Njos v. Thomas, 3:14-CV-766; Njos v. Bureau of Prisons, 3:12-CV-1251; Njos v. Kane, 3:12-CV-1252; Njos v. Carney, 3:12-CV-1375; Njos v. United States, 3:15-CV-1960; Njos v. Thomas, 3:14-CV-875.

him that he could argue and present these evidentiary matters at trial. (Doc. 101.) Having examined this motion to reconsider, it, too, will be denied, but once again this denial will be without prejudice to the presentation of these matters at trial..

**II.     Discussion**

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Judged against these benchmarks, Njos has not persuaded us that reconsideration of this ruling, denying his motions *in limine* without prejudice to the renewal of these evidentiary issues at trial, is necessary or appropriate in this case. Njos cites no intervening change in the law which makes reconsideration necessary. He presents no new evidence to support his request. Moreover, he has not

demonstrated that our ruling, which still enables Njos to argue these issues at trial, constitutes a clear error or rises to the level of a manifest injustice.

Quite the contrary, our ruling, deferring these evidentiary questions to trial is entirely consistent with settled case law. Parties often invite courts to make pre-trial rulings on issues of prejudice, relevance and admissibility through motions *in limine*. The United States Court of Appeals for the Third Circuit has cautioned us, however, that "pretrial [rulings regarding evidentiary] exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Moreover, the Third Circuit has characterized Rule 403, the rule permitting exclusion of evidence, as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859. However, "[a] trial court is afforded substantial discretion when striking a . . . balance with respect to proffered evidence, and a trial judge's decision to admit or exclude evidence . . . may not be

reversed unless it is arbitrary and irrational." McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009).

This case continues to aptly illustrate why caution is appropriate in this field. The parties' competing submissions in this matter, in part, cast this dispute as one which entails the balancing of questions of relevance and prejudice. Rule 401 of the Federal Rules of Evidence defines relevant evidence broadly as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Rule 402 provides, further, that all "relevant" evidence shall be admissible at trial, except as otherwise provided by other Rules of Evidence or other law. Fed. R. Evid. 402. These broadly fashioned rules regarding relevant evidence and its presumptive admissibility are tempered by Rule 403, which provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

Implicit in these evidentiary rules is a fundamental concept: Determinations of relevance, probative value, and unfair prejudice involve an informed assessment of the

impact of particular proof in the specific factual context of a specific case. For these reasons, "pretrial [rulings regarding evidentiary] exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990).

Likewise, Rule 201 of the Federal Rules of Evidence, which relates to judicial notice, provides that: "The court may judicially notice a fact that is not subject to reasonable dispute." Fed. R. Evid., Rule 201. The impact of judicial notice in litigation can be significant. "For all practical purposes, judicially noticing a fact is tantamount to directing a verdict against a party as to the noticed fact." LaSalle Nat. Bank v. First Connecticut Holding Grp., LLC., 287 F.3d 279, 290 (3d Cir. 2002). Given the impact of judicial notice, courts should not engage in this practice lightly and this rule does not provide a vehicle for resolution of disputed matters, like those detailed by Njos. Indeed, it is error to judicially notice a fact which may be the subject of some dispute in litigation. LaSalle Nat. Bank v. First Connecticut Holding Grp., LLC., 287 F.3d 279, 290 (3d Cir. 2002). Therefore, our decision to decline to engage in judicial notice in this matter is entirely consistent with the law in this field, which recognizes these questions should properly await trial.

In this case, the weighing and resolution of these evidentiary issues remains entirely premature and inappropriate. Therefore, consistent with settled case law, we will continue to decline the invitation to prematurely address these issues and will deny this motion to reconsider without prejudice to renewal of argument regarding these evidentiary issues when, and if, this case proceeds to trial.

### III. Order

For the foregoing reasons, Njos' motion to reconsider the denial of his motions urging the Court to take judicial notice of various, apparently disputed, facts in this litigation, (Doc.101.), is DENIED without prejudice.

So ordered this 14th day of September 2015.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge
